IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT TOWNSEND, SR., | ) | Case No. 1:25-CV-00488 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| JERRY SPATNY[1], WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

I.      **Introduction**

On February 2, 2025,[2] Petitioner Albert Townsend, Sr. (hereinafter "Townsend" or "Petitioner"), a prisoner in state custody, filed a pro se petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF Doc. 1). The District Court has jurisdiction over the petition under § 2254(a). Pursuant to Local Rule 72.2, this matter was referred to me to prepare a Report and Recommendation ("R&R"). (Non-document entry of March 17, 2025).

---

[1] Previous Docket references have labelled Respondent as Spatney, however this is the correct spelling.
[2] Federal district courts apply the prison mailbox rule, which certifies the date of filing as the date placed in the prison mail system. *See Houston v. Lack*, 487 U.S. 266 (1988). Townsend's certification page is dated February 2, 2025. (ECF Doc. 1, p. 17).

Respondent Jerry Spatny ("Respondent") filed a Motion to Dismiss for Lack of Jurisdiction *successive petition* on March 31, 2025. (ECF Doc. 5). Townsend filed a Motion for Extension of Time to file response to Respondent's Motion to Dismiss for Lack of Jurisdiction on April 9, 2025. (ECF Doc. 7). I granted Townsend's Motion for Extension on April 14, 2025. (Non-document entry of April 14, 2025). Townsend filed his Motion in Opposition to the Motion to Dismiss on April 24, 2025. (ECF Doc. 8). Respondent did not reply. The matter is ripe.

For the reasons discussed more fully below, I conclude this petition is "secondary and successive," depriving the District Court of jurisdiction under 28 U.S.C. § 2244(b)(3). I therefore recommend the District Court transfer the petition to the Sixth Circuit via 28 U.S.C. § 1631.

## II.    Factual Background

The Ohio Court of Appeals, Eighth Appellate District, Cuyahoga County, set forth the facts of this case on direct appeal. These factual findings are presumed correct unless Townsend rebuts this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). The facts are as presented:

{¶ 4} On January 20, 2003, Townsend and codefendant Kris Williams abducted M.W. on West 52nd Street in Cleveland. They drove M.W. to a house on West 74th Street where Townsend lived with his wife. Both men sexually assaulted her; Townsend forced M.W. to have oral and vaginal sexual intercourse and attempted to have anal intercourse with her. M.W. called police and reported the assault. She went to MetroHealth Hospital for a rape-kit examination.

{¶ 5} M.W. testified at trial that her attackers were unknown to her and she was unable to identify them. The case was later investigated by the Cuyahoga County Prosecutor's Office Sexual Assault Kit Taskforce. DNA linked Townsend to the DNA recovered in the rape kit — the Ohio Bureau of Criminal Investigation ("BCI") notified authorities that Townsend's and Williams's DNA were consistent with two DNA profiles recovered from the rape kit. M.W. testified that she was unable to identify Townsend as one of her rapists, but stated that she never had consensual sex with Townsend and the only reason for his DNA to be present was because he was one of her attackers.

2

{¶ 6} Townsend testified on his own behalf and denied ever meeting M.W. Relative to M.W., the jury convicted Townsend of two counts of rape, one count of complicity to commit rape, and one count of kidnapping with a sexual motivation specification. The jury found Townsend to be a sexually violent predator on these counts.

{¶ 7} C.W. testified that she was raped by Townsend in 2005. C.W., who was only 13 years old at the time of the attack, knew Townsend through her mother. Townsend told them his name was "Desmond Thomas." According to C.W., one night, Townsend broke into her mother's house, said he had a gun, and forced C.W. to have sexual intercourse with him. He also attempted another criminal sex act upon her.

{¶ 8} A month later, C.W. discovered she was pregnant and disclosed to her mother what had happened. They reported the assault to the police. C.W. terminated her pregnancy and the police were able to get a DNA match by matching Townsend's DNA to that of the fetus.

{¶ 9} C.W. and her mother identified Townsend at trial as the person they knew as Desmond Thomas.

{¶ 10} Townsend testified that he knew C.W. and her mother, but he never had sexual intercourse with C.W. He claimed that the DNA samples were contaminated.

{¶ 11} Relative to C.W., the jury found Townsend guilty of one count of rape, one count of attempted rape, and one count of kidnapping with a sexual motivation specification. The jury found that Townsend was a sexually violent predator for these counts. The jury acquitted Townsend of aggravated burglary, one count of rape, and all of the firearm specifications regarding this incident.

{¶ 12} On or about November 27, 2006, Townsend assaulted 17-year-old B.G. and forced her to have sexual intercourse with him and criminally touched her.

{¶ 13} B.G., who lived with Townsend and his wife at the time, underwent a sexual assault examination and reported to both the police and the examining nurse that Townsend was her attacker. B.G. did not testify at trial. Townsend testified that he never touched B.G. In connection with the assault on B.G., the jury convicted Townsend of two counts of rape and one count of gross sexual imposition, but acquitted him of kidnapping. The jury further found Townsend to be a sexually violent predator.

{¶ 14} In sum, the jury convicted Townsend of five counts of rape, two counts of kidnapping with sexual motivation specifications, and one count each of complicity to commit rape, attempted rape, and gross sexual imposition. The rape, complicity, attempted rape and gross sexual imposition convictions were accompanied by findings that Townsend is a sexually violent predator.

*State v. Townsend*, No. CR-17-614508-A, 2019 WL 1417862, *1-2 (Ohio Ct. App. Mar. 28, 2019).

## III.    State Court History

In his first habeas proceeding, the Report and Recommendation previously summarized the procedural history of Townsend's 2018 state court convictions in his first habeas proceeding. *Townsend v. Foley*, No. 1:21-CV-02264, 2024 WL 2137725, at *1 (N.D. Ohio Mar. 8, 2024), *report and recommendation adopted,* No. 1:21-CV-2264, 2024 WL 2134338 (N.D. Ohio May 13, 2024), *reconsideration denied,* No. 1:21-CV-2264, 2024 WL 3532925 (N.D. Ohio July 25, 2024), and *certificate of appealability denied,* No. 24-3536, 2024 WL 5112652 (6th Cir. Dec. 6, 2024), *cert. denied sub nom. Townsend v. Spatny*, No. 24-6843, 2025 WL 1496517 (U.S. May 27, 2025) ("*Townsend I*"). I now recite that summary.

### A.    Trial Court

Townsend was indicted on February 22, 2017 on various counts of rape, complicity to rape, kidnapping, aggravated burglary, attempted rape, and gross sexual imposition; some counts carried a sexually violent predator specification, a sexual motivation specification, or a firearm specification. *Townsend v. Foley*, 2024 WL 2137725, at *1. Before trial he filed multiple motions, including a "Speedy Trial Motion," "Motion to Dismiss his Attorney," and a "Motion to Suppress Evidence," all of which were eventually denied by the court. *Id.* at *2. He was found guilty on most counts and sentenced to fifty-six years to life. *Id.* at *3.

### B.    Direct Appeal

Townsend appealed to the Ohio Court of Appeals on May 14, 2018. *Id.* at *4. He asserted eight assignments of error. *Id.* However none of the claims asserted concerned: (i) speedy trial rights; (ii) *Brady* violations or suppression violations; (iii) violations of the Confrontation Clause

4

of the Sixth Amendment. *Id.* The Appeals Court sustained Townsend's seventh assignment of error pertaining to the sexually violent predator specifications and vacated and remanded the relevant sentences, but otherwise affirmed the conviction and sentence. *Id.* Both Townsend and the State appealed, but the Ohio Supreme Court declined jurisdiction over only Townsend's appeal. *Id.* at *5. It then affirmed the Ohio Appeals court and remanded for resentencing. *Id.* The trial court then resentenced Townsend to fifty-six years to life. *Id.* The resentencing was affirmed by the Ohio Court of Appeals, and the Ohio Supreme Court declined jurisdiction. *Id.*

      **C.**      **Post-Conviction Relief**

Between the Court of Appeal's March 28, 2019 judgment affirming the Trial Court's sentencing, but before he filed his eventually rejected memorandum in support of jurisdiction to the Ohio Supreme Court on May 3, 2019, Townsend filed a petition for post-conviction relief in the trial court on April 18, 2019. *Id.* His memorandum in support asserted thirty-three "assignment[s] of error" including errors addressed on direct appeal, violation of compulsory process and judicial bias, as well as speedy trial, and *Brady* errors. *Id.* The Trial court denied this petition and his proposed assignments of error on May 2, 2019. *Id.* at *6. Because the Trial court never issued findings of fact or conclusions of law when it dismissed the petition on May 2, the Ohio Court of Appeals *sua sponte* dismissed Townsend's appeal of the denial based on lack of jurisdiction. *Id.* Townsend eventually appealed this decision to the Ohio Supreme Court, but this was dismissed for failure to prosecute on May 21, 2021 after Townsend failed to file a memorandum in support of jurisdiction by the deadline, already extended by a motion for delayed appeal. *Id.*

### D.      Rule 26(B) Motions for Reopening

Townsend filed for an application for reopening his direct appeal pursuant to Ohio Rule 26(B) on October 8, 2019. *Id.* Relevant to habeas, Townsend asserted claims pertaining to (i) speedy trial violations; (ii) Confrontation Clause violations; (iii) *Brady* violation; and (iv) compulsory process violation. *Id.* This was denied by the Ohio Court of Appeals on March 5, 2021, with the court finding Townsend failed to demonstrate that appellate counsel was deficient or that he was prejudiced by any of the proposed errors. *Id.* at *7. This denial was appealed by Townsend on April 5, 2021 to the Ohio Supreme Court, but that court declined to exercise jurisdiction on June 22, 2021. *Id.* at *8.

### E.      Additional Post-Conviction Proceedings

Townsend unsuccessfully pursued other post-conviction motions. *Id.* These include, in relevant part, a petition for post-conviction relief arguing appellate counsel was ineffective for failing to raise claims relating to: (i) speedy trial rights; (ii) judicial and prosecutorial misconduct and abuse of discretion; (iii) *Brady* violation; (iv) Confrontation Clause violation; (v) compulsory process violation. *Id.* They were all subsequently denied as moot by the trial court on May 1, 2023. *Id.* at *9.

In June of 2022 Townsend filed a second Rule 26(B) application for reopening of his direct appeal, asserting twenty-six proposed assignments of error. *Id.* This was denied by the Ohio Court of Appeals on December 5, 2022. *Id.* The Ohio Supreme Court declined to accept jurisdiction of Townsend's appeal of this denial on March 28, 2023. *Id.* at *10.

### III.     Federal Court History[3]

### A.     First Habeas Petition

Townsend filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 1, 2021. *Townsend I*, No. 1:21-CV-2264, 2024 WL 2137725, at *10. His amended petition set forth six claims for relief:

> **Ground One**: Petitioner's speedy trial rights were violated.
>
> **Ground Two**: Petitioner's due process rights were violated when the prosecution committed a *Brady* violation by suppressing evidence.
>
> **Ground Three**: Petitioner's Sixth Amendment right to confront his accuser was violated when an alleged victim (B.G.) failed to appear at trial and the court allowed an examining nurse (Nurse Schreiber) to provide out-of-court statements made by that victim.
>
> **Ground Four**: Petitioner's due process rights were violated because of judicial bias and abuse of discretion.
>
> **Ground Five**: Petitioner's Sixth Amendment right to compulsory process was violated when the trial court refused to grant a continuance for a defense witness.
>
> **Ground Six**: Petitioner's Sixth Amendment right to effective assistance of counsel was violated when the trial court did not appoint a specific requested attorney (Nancy Glick) as defense counsel.

*Id.* at *1.

After review, the Magistrate Judge considered all grounds and recommended as follows:

(i) Ground One be dismissed as procedurally defaulted or as noncognizable; (ii) Ground Two be

---

[3] When determining a motion to dismiss, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne County Dep't of Human Services*, 901 F.3d 656, 694 (6th Cir. 2018). Here, Respondent has premised his Motion to Dismiss on Townsend's prior habeas and alleges that his present petition is second or successive to that petition. Therefore, I determine it is proper to reference the procedural history of his prior federal habeas to determine the status of his case without converting to summary judgment. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (a court may take judicial notice of another court's docket).

dismissed as procedurally defaulted or denied as meritless; (iii) Ground Three be dismissed as procedurally defaulted or denied as meritless; (iv) Ground Four be denied as meritless; (v) Ground Five be denied as meritless; (vi) Ground Six be dismissed as procedurally defaulted or denied as meritless; he further recommended denying a certificate of appealability ("COA"). *Id.* at *10-23. Townsend was granted a thirty-day extension of time to file his objections to the Magistrate Judge's Report and Recommendation. *Townsend v. Foley*, No. 1:21-CV-2264, 2024 WL 2134338, at *1 (N.D. Ohio May 13, 2024) ("*Townsend II*"). The deadline of May 3, 2024 passed and the court had not received his objections, so the district court adopted the R&R. *Id.* On May 14, 2025, the district court received Townsend's objection to the R&R. *Townsend v. Foley*, No. 1:21-CV-2264, 2024 WL 3532925, at *1 (N.D. Ohio July 25, 2024) ("*Townsend III*"). With the objection was a sworn affidavit, dated May 2, 2024, indicating that he mailed his objection on April 29, 2024. *Id.* Townsend additionally filed a Motion for Reconsideration and a Motion for Relief from Judgment on the basis that he timely submitted his objection via the prisoner mailbox rule, but the failure by the court to receive them timely was solely the mailroom's fault. *Id.* The district court denied both motions, and declined to issue a COA. *Id.* at *4.

Townsend moved for a COA in the Sixth Circuit. *Townsend v. Foley*, No: 24-3436, 2024 WL 5112652, *1 (6th Cir. Dec. 6, 2024). Since the district court noted that Townsend presented evidence that he deposited his objections before the extended deadline, "in the interests of justice" the Sixth Circuit excused his forfeiture and reviewed his claims. *Id.* at *2, quoting *Thomas v. Arn*, 474 U.S. 140, 155 (1985). The COA was then denied on all claims. *Id.* at *6. Townsend appealed this decision to the United States Supreme Court, which denied certiorari on

May 27, 2025. *Townsend v. Spatny*, No. 24-6843, 2025 WL 1496517 (U.S., May 27, 2025) (Mem).

### B.    Current Proceedings

Townsend filed the current Petition under 28 U.S.C. § 2254 on February 2, 2025. (ECF Doc. 1). In it, he raises four grounds for relief: Ground One, ineffective assistance of trial counsel; Ground Two, ineffective assistance of appellate counsel; Ground Three, a February 22, 2017 re-indictment; and Ground Four, ineffective assistance of appellate counsel for failing to raise illegal enhancement of his sentence. (*Id.* at pp. 5-15).

On March 31, 2025, Warden Spatny filed a Motion to Dismiss for Lack of Jurisdiction *successive petition*. (ECF Doc. 5). Townsend filed a Motion in Opposition on May 05, 2025, which I construe as his responsive brief to Respondent's Motion to Dismiss. (ECF Doc. 8). Respondent did not reply, and the time to do so is past.

### IV.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to Townsend's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). 28 U.S.C. § 2244, also amended by AEDPA, further restricts a petitioner's ability to file a habeas application via § 2254 if the petition is "secondary or successive." 28 U.S.C. § 2244(b).

Before a habeas petitioner may file a second or successive petition in the district court, they "shall move in the appropriate court of appeals for an order authorizing the district court to consider" it. 28 U.S.C. § 2244(b)(3)(A). This language makes clear that only the court of appeals

has jurisdiction to consider a "secondary or successive" habeas application and that a district court may not consider the issue without the appellate court's approval. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (*per curiam*) ("Burton never sought nor received authorization […] before filing his [second or successive] petition, so the district court was without jurisdiction to entertain it."). In addition, "the court of appeals *may* authorize the filing of a second or successive application" only if a prima facie case is shown. 28 U.S.C. § 2244(b)(3)(C) (emphasis added).

AEDPA's circuit court authorization requirement demonstrates "'an allocation of subject matter jurisdiction to the court of appeals,' rather than the district court, over the initial processing of a second or successive habeas petition." *Alley v. Bell*, 392 F.3d 822, 828 (6th Cir. 2004), quoting *United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999) (collecting cases). Thus, a second or successive habeas petition erroneously filed in the district court without prior circuit court authorization presents a jurisdictional bar that prevents the district court from considering the case. *Burton*, 549 U.S. at 157.

AEDPA does not define "second or successive," however, and "it is well settled that the phrase [second or successive] does not simply 'refe[r] to all § 2254 applications filed second or successively in time[.]'" *Magwood v. Patterson*, 561 U.S. 320, 332 (2010), quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Indeed, as the Supreme Court has made clear, "not every numerically second petition is second or successive for purposes of AEDPA." *In re Bowen*, 436 F.3d at 704 (internal quotations and marks omitted) (collecting cases). Likewise, a "numerically second petition" that is not "second or successive . . . is not subject to the restrictions of 28 U.S.C. § 2244(b). *Id.* at 705-06.

10

Thus, in limited circumstances, a second-in-time petition may not be "second or successive." *In re Hill*, 81 F.4th 560, 569 (6th Cir. 2023) (en banc). First, if the second petition raises a claim challenging a new state-court judgment distinct from the judgment challenged in the first petition, it is not "second or successive." *See Magwood*, 561 U.S. at 333. Second, if the second-in-time petition contains a claim that would have been unripe at the time of filing of the first petition, the later petition is not "secondary or successive." *Panetti*, 551 U.S. at 943-45 (2007); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998) (claim presented in both petitions but only became ripe as of second petition). And third, if a second petition contains a raised, but unexhausted at the time, claim presented in the first petition that was not previously decided on the merits, it is not "second or successive." *See Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000).

To determine whether it has jurisdiction, a district court's first step must be to determine whether the application is secondary or successive. *In re Bowen*, 436 F.3d 699, 700 (6th Cir. 2006)***; *see also in re Naylor*, 487 F.3d 1018, 1021 (6th Cir. 2007) (indicating that the court must determine whether the petition is "second or successive" before it can examine whether the petition satisfies § 2254(b)). In doing so, it considers whether the second-in-time application presents the same claim as in a previous petition and must be deemed "secondary or successive." *See* 28 U.S.C. 2244(b)(1). Likewise, if the petitioner could have discovered the factual predicate to his new claim at the time of the first petition but did not raise it, the second-in-time petition is also "second or successive." *In re Siggers*, 132 F.3d 333, 338 (6th Cir. 1997).

The threshold determination for a second-in-time petition is to evaluate the underlying judgment and related claims. *In re Hill*, 81 F.4th at 569 (explaining that a judgment is the legal mechanism authorizing a prisoner's confinement and the claim is the legal challenge to that

11

judgment). The district court must then ask two questions. First, is the second-in-time petition challenging an old judgment or a new judgment? *Id.* (collecting cases). If it is the old judgment previously challenged in the first petition, then it is second or successive; if it is a new judgment, then it is not second or successive. *Id.* Next, if the second-in-time petition challenges the old judgment but raises new claims, the district court asks whether the new claims were either unripe or ruled unexhausted at the time of the first habeas petition. *Id.* If so, then the petition is not second or successive; if not, the petition is second or successive and must have circuit court authorization to survive. *Id.* In all, "when a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted the first go-around, and the petitioner nevertheless failed to raise the claim, it is 'second or successive.'" *Id.* at 569. *See also in re Coley*, 871 F.3d 455, 457-58 (6th Cir. 2017).

## IV.    Discussion

Respondent's Motion to Dismiss argues that Townsend's petition, being second-in-time and challenging the original judgment, is secondary or successive and therefore must be dismissed because this Court does not have pre-authorization from the Sixth Circuit. (ECF Doc. 5). Respondent also notes that, simultaneous with the present petition, Townsend has also filed an application seeking permission from the Sixth Circuit to file his second-in-time petition. (*Id.* at p. 6).

Townsend's Motion in Opposition responds that the judgment in question resulted from a re-indictment and thus it is a "new sentencing judgment entry" and thus "not be considered a second successive petition." (ECF Doc. 8, p. 2). Townsend alleges this now allows him to argue an ineffective assistance of appellate counsel claim. (*Id.*). He also alleges that this claim was

improperly dismissed by the Ohio Supreme Court and not decided by the District Court in his first habeas petition, and hence it is not "secondary or successive." (ECF Doc. 8, pp. 2-3).

I agree with Respondent that Townsend's petition is second or successive and must be dismissed. I first consider whether Townsend now challenges a new judgment or the old one already considered in his first federal habeas petition. Here, he challenges the 2018 criminal conviction in Cuyahoga County Case No. CR-17-614508-A, thus he challenges the same judgment as the first-in-time habeas petition. (*See* ECF Doc. 1, pp. 1, 17) (requesting relief as "vacat[ing] life sentence"). Petitioner claims this petition challenges a new judgment entry, but provides no support for this claim. (ECF Doc. 8, p. 2). He states the "Subsequent Re-indictment regarding Jane Doe 3," is a "Duplicious Multiplicity Prejudicial Misjoiner of Offenses" that "tainted the indictment as a whole," and "affects the entire indictment as a whole." (ECF Doc. 8, p. 2) (quotations omitted and capitalization altered). However, Townsend appears to complain about the judicial process that led to the 2017 conviction, specifically whether the 2017 indictment that led to his conviction and judgment was tainted by the earlier indictment dismissed on 4/29/2008. (*See id.*). Since the 2008 indictment was dismissed, there was no conviction or sentencing and thus no judgment. This means Townsend is challenging the same (and only) judgment and sentence that he raised in his previous habeas petition. *See in re Stansell*, 828 F.3d at 417 (explaining that "new judgments" means "new sentences" or "new convictions"). My review of the filings in this case and the state court docket[4] reveals no new judgment entry, sentence, or conviction. Therefore, he does not challenge a new judgment.

Next, I must consider whether Townsend raises new claims, and whether those claims were either unripe or ruled unexhausted in his earlier petition. *See in re Wogenstahl*, 902 F.3d

---

[4] *See* n.2, *supra*.

621, 627 (6th Cir. 2018); *in re Hill*, 81 F.4th at 569; 28 U.S.C. § 2244(b)(1). In this Petition,

Townsend raises four grounds for relief, Ground One, ineffective assistance of trial counsel;

Ground Two, ineffective assistance of appellate counsel; Ground Three, a February 22, 2017 re-

indictment; and Ground Four, ineffective assistance of appellate counsel for failing to raise

illegal enhancement of his sentence. (ECF Doc. 1, pp. 5-15). As recounted previously,

Townsend's amended original habeas petition had six claims: (1) speedy trial violation, (2)

*Brady* violation, (3) Confrontation clause violation, (4) due process violation via judicial bias

and abuse of discretion, (5) compulsory process violation, and (6) sixth amendment violation via

ineffective assistance of counsel. *Townsend I*, No. 1:21-CV-2264, 2024 WL 2137725, at *10.

Townsend's argument against dismissal is specific only to the allegations that his Sixth

Amendment rights were violated via ineffective assistance of appellate counsel. (*Compare* ECF

Doc. 8, p. 3 *with* ECF Doc. 1, p. 7). He claims that his rights were violated when appellate

counsel did not argue "relevant errors, unfair trial, judicial bias, [and] malicious prosecut[ion]"

(*Id.*) (capitalization altered) (claiming appellate counsel should have argued for dismissal of

indictment because "there was no evidence or new evidence"). More generally, Townsend argues

that the Ohio Supreme Court improperly dismissed the appeal based on jurisdiction, and that the

district court in its earlier decision should have reviewed the claim on the merits. (ECF Doc. 8,

pp. 2-4). He takes issue with the District Court's dismissal of his first habeas petition on

procedural grounds, and argues it should have given de novo review to all of his cases presented

in the Ohio Supreme Court. (*Id.* at pp. 2-3).

Townsend's contention that the District Court erred in its earlier review of his claims

indicates that this petition is "secondary or successive." For any new claim to survive, since it

attacks the same judgment and Townsend did not raise it in his first petition, must have been

14

either unripe or ruled unexhausted and not decided on the merits in order to avoid causing the petition to be "secondary or successive." *In re Hill*, 81 F.4th at 569.

As to whether any claim was ruled unexhausted, Townsend concedes that each ground was previously raised on appeal. (ECF Doc. 1, pp. 5-15). But he also argues that "all my state remedies have not been exhausted." (ECF Doc. 8, p. 3). This misunderstands the consideration for a second-in-time petition. The District Court must *rule* the claim unexhausted and permit the petitioner to exhaust their claims in state court; their return to federal court after exhaustion of a mixed petition is not second or successive but considered as an initial petition. *Slack*, 529 U.S. at 476.

Next, as to whether any claim was unripe at the time of the first petition, each of Townsend's four grounds for relief raises error that was ripe at the time of his first petition. (*See* ECF Doc. 1). All are therefore old claims and thus his petition is "secondary or successive" and must be transferred to the Sixth Circuit for authorization. *See* § 2244(b)(1). Moreover, Townsend cites no new evidence discovered about his appellate counsel after the first habeas petition. He therefore "could have discovered the factual predicate to his new claim at the time" of the first petition and thus "the [second-in-time] petition is successive within 28 U.S.C. 2244(b)(3)(A)." *In re Siggers*, 132 F.3d at 338.

I therefore conclude that Townsend's second-in-time petition is a "secondary or successive" petition. Townsend has not presented Sixth Circuit authorization pursuant to 28 U.S.C. § 2254(b)(3)(C) for his second or successive petition, and the District Court lacks jurisdiction.

C.      **Remedy**

Although Respondent has filed a motion to dismiss on the basis of a second or successive

petition, I determine that dismissal is inappropriate in this Circuit. *In re Sims,* 111 F.3d 45, 47

(6th Cir.1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or

when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the

district court without § 2244(b)(3) authorization from this court, the district court *shall* transfer

the document to this court pursuant to 28 U.S.C. § 1631.") (per curiam) (emphasis added).

The Sixth Circuit has affirmed that dismissal is unavailable for second or successive

petitions, and a district court must transfer when it determines a petition is second or successive.

> Although the district court's decision to dismiss [petitioner]'s application instead
> of transferring it to this court does not affect our reasoning or holding in this case,
> we note that we have not retreated from our holding in *Sims. See Albo v. United
> States,* 498 Fed.Appx. 490, 495 (6th Cir.2012); *In re Smith,* 690 F.3d 809, 810 (6th
> Cir. 2012) (order). The district court dismissed [petitioner]'s petition on the ground
> that the *Magwood* Court implicitly overruled *Sims* when it held that "if Magwood's
> application was 'second or successive,' the District Court should have dismissed it
> in its entirety because he failed to obtain the requisite authorization from the Court
> of Appeals." *Magwood,* 561 U.S. at 331, 130 S.Ct. 2788. Although the district
> court's conclusion that our holding in *Sims* is inconsistent with *Magwood* is
> understandable, we recently reaffirmed the validity of the *Sims* rule in *King v.
> Morgan,* 807 F.3d 154 (6th Cir.2015). *See id.* at 158.
>
> *Magwood* originated in the Eleventh Circuit, which has not adopted our rule of
> requiring district courts to transfer "second or successive" petitions to the Court of
> Appeals. *See Guenther v. Holt,* 173 F.3d 1328, 1330–31 (11th Cir.1999). Because
> the *Magwood* Court did not have occasion to consider *Sims,* we see no reason that
> our rule should not continue to apply.

*Askew v. Bradshaw*, 636 F. App'x 342, 345 n.1 (6th Cir. 2016). Therefore, the District Court is

not permitted to dismiss, but must transfer the case to the Sixth Circuit for its consideration.

Townsend has already filed a 28 U.S.C. § 2244 Motion for Leave to File a Second or

Successive Habeas Corpus Petition in the Sixth Circuit on March 18, 2025. *In re: Townsend*,

Case No. 25-3188. The Sixth Circuit has yet to rule on his Motion. (*See generally* Docket in

16

Case No. 25-3188). I therefore recommend the District Court transfer this case to the Sixth Circuit so it may consider authorization along with his previously-filed motion in that court.

## VIII.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(A), this Court will grant a certificate of appealability ("COA") for an issue raised in a § 2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (internal quotation marks omitted); *see also Slack v. McDaniel*, 529 U.S. at 484 (2000).

When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

As discussed above, Townsend's petition is improperly before this Court as it is a secondary or successive petition. This bar is jurisdictional and thus procedural. As Townsend himself concedes, this petition raises a previously raised but not argued unripe or unexhausted claim and is thus "secondary or successive." No reasonable jurist could disagree with this conclusion, and thus "could not conclude that the district court erred" in transferring it. *Id.* Thus,

if the District Court accepts my recommendations, Townsend will not be able to show that my conclusions in this Report and Recommendation are debatable. I therefore recommend that no certificate of appealability issue in this case.

## IX.     Recommendation

For these reasons, I recommend the District Court grant in part and deny in part Respondent's motion to dismiss. Townsend's federal habeas corpus petition is a secondary habeas petition which deprives the District Court of jurisdiction. Dismissal is unavailable; the Sixth Circuit requires transfer of the case. I further recommend he be denied a certificate of appealability.

Dated: July 31, 2025

Reuben J. Sheperd
United States Magistrate Judge

## **Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entire report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific

18

concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).