PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALBERT TOWNSEND, SR., ) | |
| ) | CASE NO. 1:25CV0488 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JERRY SPATNY, Warden, ) | |
| ) | **ORDER OF TRANSFER** |
| Respondent. ) | [Resolving ECF Nos. 5 and 18] |

On March 5, 2025, *Pro Se* Petitioner Albert Townsend, Sr., an inmate at the Grafton Correctional Institution, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF No. 1).[1] He challenges his 2018 convictions for multiple counts of rape, kidnapping with sexual motivation specifications, complicity to commit rape, attempted rape, and gross sexual imposition in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-17-614508-A. He raises four claims for relief in the Petition: Ground One – ineffective assistance of trial counsel; Ground Two – ineffective assistance of appellate counsel; Ground Three – a February 22, 2017 re-indictment; and, Ground Four – ineffective assistance of appellate counsel for failing to raise illegal enhancement of his sentence. *See* ECF No. 1 at PageID #: 5-15.

---

[1] In accordance with the prison mailbox rule, the Court will treat the document as if filed on March 5, 2025, the date it was mailed. *See* ECF No. 1-8. The Sixth Circuit has applied the prison mailbox rule in the context of *pro se* prisoner cases. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988))) (Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").

(1:25CV0488)

The case was referred to Magistrate Judge Reuben J. Sheperd for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). After Respondent Jerry Spatny filed a Motion to Dismiss Successive Petition (ECF No. 5), the magistrate judge submitted a Report recommending that (1) the Court find that Townsend's federal habeas corpus petition is a second or successive petition which deprives the Court of jurisdiction under 28 U.S.C. § 2244(b)(3) and (2) ECF No. 5 be granted in part and denied in part. *See* ECF No. 12 at PageID #: 111; 113; 116. Petitioner timely filed Objections to the Magistrate Judge's Report (ECF No. 18). The Court, after reviewing the Objections, hereby adopts the Report and transfers the Petition to the Court of Appeals.

**I.**

In May 2024, the Court denied a prior amended petition Townsend had filed which asserted six grounds for relief from his 2018 convictions and declined to issue a certificate of appealability. *See Townsend v. Foley*, No. 1:21CV2264, 2024 WL 2134338 (N.D. Ohio May 13, 2024) (Pearson, J.). In July 2024, the Court denied Petitioner's separate motions for reconsideration and for relief from judgment. *See Townsend v. Foley*, No. 1:21CV2264, 2024 WL 3532925 (N.D. Ohio July 25, 2024) (Pearson, J.). The United States Court of Appeals for the Sixth Circuit subsequently denied Townsend's application for a certificate of appealability. *See Townsend v. Foley*, No. 24-3536, 2024 WL 5112652 (6th Cir. Dec. 6, 2024) (Order), *cert. denied sub nom. Townsend v. Spatny*, 145 S. Ct. 2739 (Mem) (2025).

In February 2025, Petitioner sought authorization from the United States Court of Appeals for the Sixth Circuit to file a second or successive petition to raise claims that the trial

(1:25CV0488)

court abused its discretion when it (1) allowed the State to re-indict him nine years after the dismissal of the original indictment, and (2) "den[ied the] plea deal agreement" because his co-defendant was "on his deathbed" and defense counsel continued the case. Last month, the Sixth Circuit denied Townsend's motion for an order authorizing the district court to consider a second or successive § 2254 petition. *See In re: Albert J. Townsend, Sr.*, No. 25-3188 (6th Cir. Sept. 24, 2025).

## II.

As the Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).

*Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (per curiam) (citations omitted).

When a prisoner files a second or successive petition for habeas corpus relief in the district court without obtaining § 2244(b)(3) authorization, the district court must transfer the action to the Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

## III.

Petitioner's Objections (ECF No. 18) are overruled as meritless and the Report and Recommendation (ECF No. 12) of the magistrate judge is adopted. Respondent's Motion to

3

(1:25CV0488)

Dismiss Successive Petition (ECF No. 5) is granted in part and denied in part. In that Petitioner has already filed a habeas corpus petition challenging his convictions and does not indicate he has obtained authorization to file a second or successive petition, the instant Petition (ECF No. 1) is hereby transferred to the United States Court of Appeals for the Sixth Circuit pursuant to *In re Sims*. The within case is closed.

    IT IS SO ORDERED.

October 21, 2025  
Date

    /s/ Benita Y. Pearson  
    Benita Y. Pearson  
    United States District Judge